1  SCOTT J. SAGARIA (BAR # 217981)
   PATRICK CALHOUN (BAR #56671)
2  SAGARIA LAW, P.C.
   333 WEST SAN CARLOS STREET
3  SUITE 620
   SAN JOSE, CALIFORNIA 95110
4  (408) 279-2288
   (408) 279-2299 FAX
5

6  Attorneys for Debtor in Possession
   Aida Alban Miranda dba Sunrise Manor Residential Care Homes
7

8                    UNITED STATES BANKRUPTCY COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  In re:                          )  Bankruptcy No.: 11-54952 ASW 11
                                    )
13                                  )  **BALLOT TABULATION**
    AIDA ALBAN MIRANDA dba          )
14  SUNRISE MANOR RESIDENTIAL CARE  )
    HOMES,                          )
15                                  )  **Confirmation Hearing Date**
                                    )
16          Debtor-in-possession,   )  Date:  March 8, 2013
                                    )  Time:  2:15PM
17                                  )  Crtrm: 3020
                                    )  Location: United States Bankruptcy Court
18                                  )            280 South First Street
                                    )            San Jose, California
19                                  )
                                    )
20                                  )
                                    )
21                                  )
                                    )
22  _____)  HON. ARTHUR S. WEISSBRODT

23        **NOW COMES**, by and through her attorneys of record, Sagaria Law, A Professional

24  Corporation, is the **Ballot Tabulation** of AIDA ALBAN MIRANDA dba SUNRISE MANOR

25  RESIDENTIAL CARE HOMES, the debtor and debtor in possession ("Debtor") herein.  As

26  such, Debtor hereby summarizes, reports and certifies to the Court, the results of the balloting of

27  the revised version of Debtor's **Amended Chapter 11 Plan of Reorganization** (the "Plan")

28  filed on November 26, 2012, reflected by docket entry number 106 in the above captioned

    proceeding.

On December 4, 2013 the debtor's disclosure statement was conditionally approved (*See* PACER No.: 108). Since that time, Debtor has obtained the requisite majority of affirmative votes to confirm the Plan.

The Plan houses three impaired classes of claims. The first impaired class is **U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to Lasalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2007-OA5 Trust ("Class 3 Creditor").** Class 3 Creditor is the senior most secured creditor holding interest in the real property located at 790-792 Los Padres Avenue, Santa Clara, California. On August 14, 2012, a **Stipulation Regarding Treatment of Class 3 Creditor's Claim under Debtor's Chapter 11 Plan of Reorganization** (the "Class 3 Stipulation") was filed [*See* PACER No.: 88]. On December 20, 2012, an Order approving the Class 3 Stipulation was entered on the docket [*See* PACER No.: 116]. True and correct copies of the Class 3 Stipulation and is attached hereto as **Exhibit A**.

The second impaired class is **Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4** ("Class 4 Creditor"). On March 4, 2013 a **Stipulation Re: Treatment of Creditor's Claim Under Debtor's Proposed Chapter 11 Plan of Reorganization** (the "Class 4 Stipulation") was entered on the docket [*See* PACER No.: 133]. To date, an order approving the Class 4 Stipulation has yet to be entered. However, upon the entry of an order approving the Class 4 Stipulation, both parties shall be bound to the terms therein and the Plan should be confirmed. A true and correct copy of the Class 4 Stipulation is attached hereto as **Exhibit B.**

The last impaired class of creditors comprises of general unsecured creditors or those being treated as such (the "Class 5 Creditors"). Of the 22 creditors who received ballots to vote on the Plan, four were returned, each of which voted in favor of their treatment. A true and correct copy of each vote received from Class 5 is attached hereto as **Exhibit C.**

A tabulation of the ballots is copied below for the Court's convenience.

Case: 11-54952    Doc# 135    Filed: 03/05/13    Entered: 03/05/13 18:05:34    Page 2 of 3

| CLASS | NUMBER OF VOTING CREDITORS ACCEPTING THE PLAN / TOTAL VOTING CREDITORS IN CLASS | PERCENTAGE OF VOTING CREDITORS ACCEPTING PLAN | APPROXIMATE AMOUNT OF CREDITOR DEBT ACCEPTING PLAN | PERCENTAGE OF VOTING CREDITOR DEBT ACCEPTING PLAN |
|---|---|---|---|---|
| Administrative | Unimpaired | Class Does Not Vote | n/a | n/a |
| Priority Tax | Unimpaired | Class Does Not Vote | n/a | n/a |
| Class 2 | Unimpaired | $866,019.48 | $866,019.48 | n/a |
| Class 3 | 1/1 | $733,218.00 | $733,218.00 | 100.00% |
| Class 4 | 1/1[1] | $626,430.22 | $626,430.22 | 100.00% |
| Class 5 | 4/4 | $40,449.38 | $40,449.38 | 100.00% |
| Class 6 | Unimpaired | Class Does Not Vote | n/a | n/a |
| Class 7 | Unimpaired | Class Does Not Vote | n/a | n/a |

Based on the foregoing Ballot Tabulation, exhibits, and pleadings filed in the matter herein, the Debtor respectfully requests the Court enter an order confirming the Plan immediately after the entry of an order approving the Class 4 Stipulation.

Respectfully submitted,

**SAGARIA LAW**
**A Professional Corporation**

Dated: 03/05/2013

_____/s/ Patrick Calhoun_____
PATRICK CALHOUN
Attorney for Debtor-in-Possession
AIDA ALBAN MIRANDA

---

1 NOTE: Approval of the claim treatment under the Plan shall not become binding until an order approving the stipulation has been entered.

Case: 11-54952    Doc# 135    Filed: 03/05/13    Entered: 03/05/13 18:05:34    Page 3 of 3

1    SCOTT J. SAGARIA (BAR # 217981)
     PATRICK CALHOUN (BAR #56671)
2    SAGARIA LAW, P.C.
     333 WEST SAN CARLOS STREET
3    SUITE 620
     SAN JOSE, CALIFORNIA 95110
4    (408) 279-2288
     (408) 279-2299 FAX

5

6    Attorneys for Debtor in Possession
     Aida Alban Miranda dba Sunrise Manor Residential Care Homes

7

8                   UNITED STATES BANKRUPTCY COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12    In re:                       )   Bankruptcy No.: 11-54952 ASW 11

13                           )
   AIDA ALBAN MIRANDA dba        )   **EXHIBIT A TO BALLOT TABULATION;**
14   SUNRISE MANOR RESIDENTIAL CARE   )   **CLASS 3 STIPULATION AND ORDER**
   HOMES,                      )
15                           )
16      Debtor-in-possession,        )   **Confirmation Hearing Date**
                           )
17                           )   Date: March 8, 2013
                          )   Time: 2:15PM
18                           )   Crtrm: 3020
                          )   Location: United States Bankruptcy Court
19                           )                280 South First Street
                          )                San Jose, California
20                           )

21                           )

22                           )
                          )   HON. ARTHUR S. WEISSBRODT
23

24

25

26                              **EXHIBIT A**

27

28

- 1 -   Bankruptcy No. 11-54952 ASW 11

1  SCOTT J. SAGARIA (BAR # 217981)
   PATRICK CALHOUN (BAR #56671)
2  SAGARIA LAW, P.C.
   333 WEST SAN CARLOS STREET
3  SUITE 1750
   SAN JOSE, CALIFORNIA 95110
4  (408) 279-2288
   (408) 279-2299 FAX
5

6  Attorneys for Debtor-in-possession
   AIDA ALBAN MIRANDA dba SUNRISE MANOR RESIDENTIAL CARE HOMES
7

8

9                  UNITED STATES BANKRUPTCY COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

11

12

13

14  In Re:                              )  Bankruptcy No.: 11-54952 CN 11
                                        )
15                                      )  **STIPULATION REGARDING**
                                        )  **TREATMENT OF CLASS 3 CREDITOR'S**
16  AIDA ALBAN MIRANDA dba              )  **CLAIM UNDER DEBTOR'S CHAPTER**
                                        )  **11 PLAN OF REORGANZIATION**
17  SUNRISE MANOR RESIDENTIAL CARE      )
                                        )  [NO HEARING REQUESTED]
18  HOMES,                              )
                                        )
19                                      )
           Debtors-in-possession.       )
20                                      )
                                        )
21  _____    )  HON. ARTHUR S. WEISSBRODT
22

23        This Stipulation is entered into by and between Debtor and debtor in possession AIDA

24  ALBAN MIRANDA, (the "Debtor"), by and through her attorney of record, Scott J. Sagaria and

25  Secured   Creditor   HSBC   BANK   USA,   N.A.   AS   TRUSTEE   FOR   THE

26  CERTIFACATEHOLDERS OF ACE SECURITIES CORP, HOME EQUITY LOAN TRUST,

27  SERIES 2006-NC3 ASSET-BACKED PASS-THROUGH CERTIFICATES ("Creditor"), by and

28  through its attorneys of record, Mark Domeyer of Miles, Bauer, Bergstrom & Winters, LLP.

The property which is the subject of this matter is commonly known as 790-792 Los Padres Blvd. Santa Clara, CA 95051 (hereinafter the "Subject Property").

On or about August 1, 2006, Debtor, for valuable consideration, made, executed and delivered to New Century Mortgage Corp. ("Lender") a Note in the principal sum of $573,750.00 (the "Note").

On August 16, 2006, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the Subject Property. The Deed of Trust was recorded on August 25, 2006, in the Official Records of Santa Clara County, State of California.

Thereafter, Lender's interest in the Deed of Trust was assigned and transferred to Creditor.

On May 24, 2011, Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code and was assigned Bankruptcy Case No. 11-54952.

On August 25, 2011, Creditor filed its Proof of Claim reflecting a claim in the amount of $733,217.78 including pre-petition arrears in the amount of $163,510.07 (the "Arrears Claim").

On March 19, 2012, Debtor filed her proposed Chapter 11 Plan of Reorganization ("Plan") and Disclosure Statement. The Plan provided proposed treatment of Creditor's claim pursuant to Class 3 of the Plan.

On April 13, 2012 Creditor objected to approval of Debtor's disclosure statement.

**THE PARTIES STIPULATE AS FOLLOWS:**

1.     Creditor's claim secured by the Subject Property shall remain unmodified and shall not be impaired by the Debtors' proposed Chapter 11 Plan of Reorganization;

2.     Debtor shall tender regular monthly payments at the contractual amount commencing on the Effective Date of confirmation**,** and continuing until all outstanding amounts owed under the Note and Deed of Trust are paid in full;

3.     In addition to the regular monthly payments, Debtor shall also tender payments to Creditor in the amount of $1/180^{th}$ of the total arrears amortized at 2.5% interest (Approx. $1,090.27), commencing on or before the Effective Date, but not before confirmation of the plan,

and continuing on the fifteenth day of each month thereafter until the Arrears Claim has been fully satisfied.;

4.  In addition to the principal and interest payments and arrears payments, Debtor shall maintain responsible for real estate taxes and casualty insurance of the Subject Property;

5.  Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim and the loan contract between Debtor and Creditor remains in full force and effect;

6.  In the event of any future default on any of the above-described provisions, inclusive of this Stipulation, Creditor shall provide written notice via certified mail to AIDA MIRANDA at 5890 Monroe Street, Santa Clara, California or any forthcoming address provided in a Notice of Change of Address1 in the above captioned proceeding, and to Debtors' attorney of record, Scott J. Sagaria at 333 W San Carlos St. #1750, San Jose, California 95110, indicating the nature of default. If Debtor fails to cure the default with certified funds after passage of thirty (30) calendar days from the date said written notice is placed in the mail, then Creditor, may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court;

7.  The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder;

8.  In the event the Debtors default under this Stipulation and Creditor forwards a 30-day letter to Debtors, they shall be required to tender $25.00 for each default letter submitted in order to cure the default;

9.  The terms of this Stipulation may not be modified, altered, or changed by the Plan, any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the

---

1 Debtor is surrendering the Monroe Street property and shall file a Notice of Change of Address once she has relocated.

**STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM**
**UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization;

10.    In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note;

13.    This terms of this Stipulation further constitute as Creditor voting in favor of the Debtors' Chapter 11 Plan of Reorganization once Debtor establishes that commencing solicitation of acceptances of the Plan pursuant to 11 U.S.C. § 1125 is appropriate.

**IT IS SO STIPULATED:**

Dated:    July 17, 2012        ___/s/ Mark Domeyer_____
                               Mark Domeyer
                               Attorney for  Class 4 Creditor

**SAGARIA LAW PC**

Dated:  July 17, 2012         ___/s/ Patrick Calhoun_____
                              Patrick Calhoun
                              Attorney for Debtor in Possession
                              Aida Miranda dba Sunrise Residential Care Homes



1  SCOTT J. SAGARIA (BAR # 217981)
   PATRICK CALHOUN (BAR #56671)
2  SAGARIA LAW, P.C.
   333 WEST SAN CARLOS STREET
3  SUITE 1750
   SAN JOSE, CALIFORNIA 95110
4  (408) 279-2288
   (408) 279-2299 FAX

**IT IS SO ORDERED.**
**Signed December 20, 2012**

5

6

7

_Arthur S. Weissbrodt_

8  **Arthur S. Weissbrodt**
   **U.S. Bankruptcy**

9  Attorneys for Debtor-in-possession
   AIDA ALBAN MIRANDA dba SUNRISE MANOR RESIDENTIAL CARE HOMES

10

11                      UNITED STATES BANKRUPTCY COURT

12                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14                              SAN JOSE DIVISION

15

16

17  In Re:                           )  Bankruptcy No.: 11-54952 ASW 11
                                     )
18                                   )  **ORDER RE: STIPULATION REGARDING**
                                     )  **TREATMENT OF CLASS 3 CREDITOR'S**
19  AIDA ALBAN MIRANDA dba           )  **CLAIM UNDER DEBTOR'S CHAPTER**
                                     )  **11 PLAN OF REORGANZIATION**
20  SUNRISE MANOR RESIDENTIAL CARE   )
                                     )  Related Docket No.: 88
21  HOMES,                           )
                                     )
22          Debtor-in-possession.    )
                                     )
23                                   )
                                     )
24  _____ )  HON. ARTHUR S. WEISSBRODT

25          The Parties having agreed to the terms set forth in the Stipulation Regarding Treatment of

26  Class 3 Creditor's Treatment under Debtor's Chapter 11 Plan of Reorganization (the

27  "Stipulation") filed on August 14, 2012 and reflected by docket entry number 88 in the above

28  captioned proceeding.

1 | The Parties are bound by the terms of the Stipulation and good cause appearing therefore;

2 | **IT IS HEREBY ORDERED THAT** the stipulation is **APPROVED** and hereby made an

3 | Order of the Court.

4 | ***END OF ORDER***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                    COURT SERVICE LIST

3      **[Via United States Mail]**

4      Debtor
       Aida Alban Miranda
5      PO Box 95055
       Santa Clara, CA 95055
6

7      **[Via Notice of Electronic Filing]**

8      Richard J. Bauer on behalf of Requestor HSBC Bank USA, N.A...
       rbauer@mileslegal.com
9

10     Mark T. Domeyer on behalf of Creditor HSBC Bank USA, N.A...
       mdomeyer@mileslegal.com
11

12     Christopher M. McDermott on behalf of Requestor Washington Mutual Bank
       ecfcanb@piteduncan.com

13     Office of the U.S. Trustee / SJ
       USTPRegion17.SJ.ECF@usdoj.gov, ltroxas@hotmail.com
14

15     Scott J. Sagaria on behalf of Debtor Aida Miranda
       ECFGotNotices@Gmail.com, ecf@sagarialaw.com
16

17     John S. Wesolowski on behalf of Health Care Ombudsman Joseph Rodrigues
       john.wesolowski@usdoj.gov
18

19     Les Zieve on behalf of Requestor Ocwen Loan Servicing, LLC
       bankruptcy@zievelaw.com, mle@zievelaw.com

20

21

22

23

24

25

26

27

28

1  SCOTT J. SAGARIA (BAR # 217981)
   PATRICK CALHOUN (BAR #56671)
2  SAGARIA LAW, P.C.
   333 WEST SAN CARLOS STREET
3  SUITE 620
   SAN JOSE, CALIFORNIA 95110
4  (408) 279-2288
   (408) 279-2299 FAX
5

6  Attorneys for Debtor in Possession
   Aida Alban Miranda dba Sunrise Manor Residential Care Homes
7

8              UNITED STATES BANKRUPTCY COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12 In re:                          ) Bankruptcy No.: 11-54952 ASW 11
                                   )
13                                 )
                                   ) **EXHIBIT B TO BALLOT TABULATION;**
14 AIDA ALBAN MIRANDA dba          ) **CLASS 4 STIPULATION**
   SUNRISE MANOR RESIDENTIAL CARE  )
15 HOMES,                          )
                                   )
16   Debtor-in-possession,         ) **Confirmation Hearing Date**
                                   )
17                                 ) Date:  March 8, 2013
                                   ) Time:  2:15PM
18                                 ) Crtrm: 3020
                                   ) Location: United States Bankruptcy Court
19                                 )            280 South First Street
                                   )            San Jose, California
20                                 )
                                   )
21                                 )
                                   )
22                                 )
                                   ) HON. ARTHUR S. WEISSBRODT
23 _____)

24

25

26                    **EXHIBIT B**

27

28

1  Matthew R. Clark (SBN 271054)
   mclark@piteduncan.com
2  Todd S. Garan (SBN 236878)
   tgaran@piteduncan.com
3  **PITE DUNCAN, LLP**
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92177-0933
5  Telephone: (858) 750-7600
   Facsimile: (619) 590-1385
6
   Attorney for U.S. Bank National
7  Association, as Trustee, successor in interest
   to Bank of America, National Association as
8  Trustee as successor by merger to Lasalle
   Bank, National Association as Trustee for
9  WaMu Mortgage Pass-Through Certificates
   Series 2007-OA5 Trust
10
11              **UNITED STATES BANKRUPTCY COURT**

12        **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

13  | In re | Case No. 11-54952 |
    | AIDA ALBAN MIRANDA, | Chapter 11 |
14
15  Debtor. | **STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
16
17  **SUBJECT PROPERTY:**
    2536 Austin Place
18  Santa Clara, California 95050

19        This Stipulation is entered into by and between Secured Creditor Wells Fargo Bank,

20  N.A., as Trustee for Option One Mortgage Loan Trust 2005-4, Asset-Backed Certificates, Series

21  2005-4 ("Creditor"), by and through its attorneys of record, Pite Duncan LLP, and Aida Alban

22  Miranda (the "Debtor"), by and through her attorney of record, Scott J. Sagaria.

23        The property which is the subject of this matter is commonly known as 2536 Austin

24  Place, Santa Clara, California 95050 (hereinafter the "Subject Property").

25        On or about April 12, 2007, Debtor executed a promissory note in the principal sum of

26  $567,400.00 (the "Note"), which was made payable to Washington Mutual Bank, FA

27  ("Lender").

28  /./.

---

Case: 11-54952   Doc# 130   Filed: 03/08/13   Entered: 03/08/13 08:24:07   Page 1 of 5

The Note is secured by a recorded deed of trust (the "Deed of Trust") encumbering the Subject Property.

Subsequently, the beneficial interest under the Deed of Trust was transferred to Creditor.

On May 24, 2011, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California-San Francisco Division and was assigned bankruptcy case no. 11-54952.

On September 20, 2011, Creditor filed a Proof of Claim reflecting a secured claim in the amount of $626,430.22 and $60,690.91 in pre-petition arrears.

As of February 21, 2013, the total amount required to reinstate the Subject Loan was approximately $66,503.07.

The contractual monthly payment for February 1, 2013, was $3,906.03.

**THE PARTIES STIPULATE TO THE FOLLOWING TREATMENT OF CREDITOR'S SECURED CLAIM:**

**A.     Debtor to Make Regular Payments and Pay Arrears Over Time.**

1.     As of February 28, 2013, the estimated arrears on Creditor's secured claim are $66,503.07 (the "Arrears").  To the extent the Arrears are determined to be other than as shown in this Stipulation, appropriate adjustments will be made as appropriate via an Amended Stipulation.

2.     Debtor will pay the entire amount contractually due under the Note by making all post-stipulation regular monthly payments commencing March 1, 2013, and by curing the Arrears, without interest, in sixty (60) equal monthly payments in the amount of $1,108.40, due the first day of each month, starting March 15, 2013, and continuing until all outstanding amounts owed under the Note and Deed of Trust are paid in full.

3.     Debtor shall be responsible for maintenance of real property taxes and real property hazard insurance for the Subject Property.  This amount is subject to change pursuant to the terms of the Note and Deed of Trust.

/././

/././

STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-54952   Doc# 135   Filed: 03/05/13   Entered: 03/05/13 16:30:34   Page 4 of 5

4.     To the extent that Creditor has made any-post petition escrow advances for real property taxes or real property hazard insurance, Debtor shall cure said amounts on or before the Effective Date of the Plan.

5.     Creditor shall not be required to release its lien on the Subject Property until all amounts due under the Note and this Stipulation are paid in full.

6.     Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's secured claim.

7.     Creditor may not repossess or dispose of its collateral so long as Debtor is not in Material Default under the Plan (defined below).

**B.     Remedies if Debtor Defaults in Performing the Plan.**

8.     Creditor shall file a Motion for Relief From the Automatic Stay ("Motion for Relief") if Debtor defaults in performing under the terms of this Stipulation prior to the date of the entry of the order of confirmation.

9.     In the event the Debtor defaults under this Stipulation and Creditor files a Motion for Relief, Debtor shall be required to pay the reasonable fees and costs associated with filing the Motion for Relief in order to cure the default.

10.     The automatic stay of 11 U.S.C. §362 shall terminate on the earlier of the Plan's Effective Date or the fifteenth day following the date of the entry of the order of confirmation.

11.     Creditor shall not take any action to enforce either the pre-confirmation obligation, the obligation due under the Plan, or the obligation due under this Stipulation, so long as Debtor is not in default under the Plan and this Stipulation.

12.     If the Debtor fails to make any payment, or to perform any other obligation required under this Stipulation, for more than 10 days after the time specified above for such payment or other performance, Creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan.

Case: 11-54952   Doc# 135-2   Filed: 03/05/13   Entered: 03/05/13 16:06:54   Page 4 of 5

13.     In the event the Debtor defaults under this Stipulation and Creditor forwards a 30-day letter to Debtor, Debtor shall be required to pay reasonable costs and fees incurred for each default letter submitted in order to cure the default.

14.     Upon Material Default, Creditor: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; and/or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies against the Subject Property including conducting a non-judicial foreclosure sale.

15.     In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and if the Debtor is in default under the terms of the Note, Creditor may file a Motion for Relief from the Automatic Stay to proceed with foreclosure actions against the Subject Property.

**C.     Miscellaneous Provisions**

16.     At the request of Creditor, the Debtor shall execute such documents and instruments as are necessary to reflect the Debtor as the borrower of the Secured Claim, and to modify the terms of the obligation to conform to the provisions with this Stipulation.

17.     The terms of this Stipulation shall be incorporated into the order confirming the Debtor's proposed Chapter 11 Plan.   The terms of this Stipulation may not be modified, altered, or changed without the express written consent of Creditor.   Any inconsistency between the Amended Plan and this Stipulation shall be resolved in favor of this Stipulation.

**IT IS SO STIPULATED:**

Dated: 3/4/13

SCOTT J. SAGARIA
Attorney for the Debtor

PITE DUNCAN, LLP

Dated: 3/4/13

MATTHEW R. CLARK
Attorney for Creditor

STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM
UNDER DEBTOR'S PROPOSED CHAPTER 11 PLAN OF REORGANIZATION

Case: 11-54952    Doc# 135-1    Filed: 03/05/13    Entered: 03/05/13 16:05:54    Page 16 of 5

1   SCOTT J. SAGARIA (BAR # 217981)
    PATRICK CALHOUN (BAR #56671)
2   SAGARIA LAW, P.C.
    333 WEST SAN CARLOS STREET
3   SUITE 620
    SAN JOSE, CALIFORNIA 95110
4   (408) 279-2288
    (408) 279-2299 FAX
5

6   Attorneys for Debtor in Possession
    Aida Alban Miranda dba Sunrise Manor Residential Care Homes
7

8                   UNITED STATES BANKRUPTCY COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  In re:                              )   Bankruptcy No.: 11-54952 ASW 11
                                        )
13                                      )
    AIDA ALBAN MIRANDA dba              )   **EXHIBIT C TO BALLOT TABULATION;**
14  SUNRISE MANOR RESIDENTIAL CARE      )   **CLASS 5 BALLOTS RECIEVED**
    HOMES,                              )
15                                      )
                                        )
16    Debtor-in-possession,             )   **<u>Confirmation Hearing Date</u>**
                                        )
17                                      )   Date:  March 8, 2013
                                        )   Time:  2:15PM
18                                      )   Crtrm: 3020
                                        )   Location: United States Bankruptcy Court
19                                      )             280 South First Street
                                        )             San Jose, California
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23  _____)   HON. ARTHUR S. WEISSBRODT

24

25

26                        **EXHIBIT C**

27

28

- 1 -                              Bankruptcy No. 11-54952 ASW 11

SCOTT J. SAGARIA (BAR # 217981)
PATRICK CALHOUN (BAR #56671)
SAGARIA LAW, P.C.
333 WEST SAN CARLOS STREET
SUITE 1750
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorneys for Debtor in Possession
Aida Alban Miranda dba Sunrise Manor Residential Care Homes

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bankruptcy No.: 11-54952 ASW 11 |
| AIDA ALBAN MIRANDA dba SUNRISE MANOR RESIDENTIAL CARE HOMES, | **BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION** |
| Debtor-in-possession, | **Tentative Confirmation Hearing Date:** |
| | Date: January 11, 2013<br>Time: 2:15PM<br>Crtrm: 3020<br>Location: United States Bankruptcy Court<br>280 South First Street<br>San Jose, California |
| | HON. ARTHUR S. WEISSBRODT |

Aida Alban Miranda dba Sunrise Manor Residential Care Homes filed a Revised Amended Chapter 11 Plan of Reorganization (the "Plan") and a Revised Amended Disclosure Statement (the "Disclosure Statement") on **November 26, 2012.** The disclosures contained in Plan and Disclosure Statement provides information to assist you in deciding how to cast your ballot. A copy of the Plan along with the Order Conditionally Approving the Disclosure Statement is enclosed with this ballot.

- 1 -                                        Bankruptcy No. 11-54952 ASW 11
**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN
OF REORGANIZATION**
*In re Aida Alban Miranda*

You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the proposed classification and treatment thereto.

Your claim/interest has been placed in Class ___5___ under the Plan. If you hold claims or interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Patrick Calhoun, Esq., 333 West San Carlos Street, Suite 620, San Jose, CA 95110, Fax No. (408) 279-2299; email sagariabk@sagarialaw.com, on or before **January 4, 2013,** and the deadline to vote has not been extended, your vote will not count as either an acceptance or rejection under the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you regardless of your election to, or not to vote.

## ACCEPTANCE OR REJECTION OF PLAN

The Undersigned, the holder of a Class ___5___ claim/interest against the Debtors in the amount of $ 7,635.23 _____.

___X___ Accepts the Plan          _____ Rejects the Plan

*DATE:* December 27, 2012          *CREDITOR:* __American Express Bank, FSB__
                                              Account No. xxxx-xxxxxx-x1003

                                   *SIGNATURE:* _____
                                   *TITLE:* Kenneth W. Kleppinger, Esquire/ Attorneys/Agent for Creditor
                                   *ADDRESS:* c/o Becket & Lee LLP
                                              PO Box 3001
                                              Malvern, PA 19355

- 2 -                                          Bankruptcy No. 11-54952 ASW 11
**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
*In re Aida Alban Miranda*

**RETURN THIS BALLOT ON OR BEFORE 5:00PM JANUARY 4, 2013 VIA:**

*United States Mail*
PATRICK CALHOUN, ESQ.
333 West San Carlos Street, Suite 1750
San Jose, CA 95110

-or-

*Facsimile*
Fax No. (408) 279-2299

-or-

*E-Mail*
sagariabk@sagarialaw.com

Case: 11-54952    Doc# 135-3    Filed: 03/05/13    Entered: 03/05/13 18:05:34    Page 4
of 11

SCOTT J. SAGARIA (BAR # 217981)
PATRICK CALHOUN (BAR #56671)
SAGARIA LAW, P.C.
333 WEST SAN CARLOS STREET
SUITE 1750
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorneys for Debtor in Possession
Aida Alban Miranda dba Sunrise Manor Residential Care Homes

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>AIDA ALBAN MIRANDA dba<br>SUNRISE MANOR RESIDENTIAL CARE<br>HOMES,<br><br>Debtor-in-possession, | Bankruptcy No.: 11-54952 ASW 11<br><br>**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Tentative Confirmation Hearing Date:**<br><br>Date: January 11, 2013<br>Time: 2:15PM<br>Crtrm: 3020<br>Location: United States Bankruptcy Court<br>280 South First Street<br>San Jose, California<br><br>HON. ARTHUR S. WEISSBRODT |

Aida Alban Miranda dba Sunrise Manor Residential Care Homes filed a Revised Amended Chapter 11 Plan of Reorganization (the "Plan") and a Revised Amended Disclosure Statement (the "Disclosure Statement") on **November 26, 2012**. The disclosures contained in Plan and Disclosure Statement provides information to assist you in deciding how to cast your ballot. A copy of the Plan along with the Order Conditionally Approving the Disclosure Statement is enclosed with this ballot.

BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN
OF REORGANIZATION
*In re Aida Alban Miranda*

Case: 11-54952    Doc# 135-3    Filed: 03/05/13    Entered: 03/05/13 18:05:34    Page 5 of 11

You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the proposed classification and treatment thereto.

Your claim/interest has been placed in Class ___5___ under the Plan. If you hold claims or interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Patrick Calhoun, Esq., 333 West San Carlos Street, Suite 620, San Jose, CA 95110, Fax No. (408) 279-2299; email sagariabk@sagarialaw.com, on or before **January 4, 2013,** and the deadline to vote has <u>not</u> been extended, your vote will not count as either an acceptance or rejection under the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you regardless of your election to, or not to vote.

## <u>ACCEPTANCE OR REJECTION OF PLAN</u>

The Undersigned, the holder of a Class ___5___ claim/interest against the Debtors in the amount of $ _1,452.80_____.


___X_____ Accepts the Plan                    _____ Rejects the Plan


*DATE:* December 27, 2012          *CREDITOR:*   American Express Centurion Bank_____
                                              Account No. xxxx-xxxxxx-x1009


                              *SIGNATURE:*
                              *TITLE:*      Kenneth W. Kleppinger, Esquire/ Attorneys/Agent for Creditor
                              *ADDRESS:*    c/o Becket & Lee LLP
                                            PO Box 3001
                                            Malvern, PA 19355

                                              Bankruptcy No. 11-54952 ASW 11
**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
*In re Aida Alban Miranda*

**RETURN THIS BALLOT ON OR BEFORE 5:00PM JANUARY 4, 2013 VIA:**

*United States Mail*
PATRICK CALHOUN, ESQ.
333 West San Carlos Street, Suite 1750
San Jose, CA  95110

-or-

*Facsimile*
Fax No. (408) 279-2299

-or-

*E-Mail*
sagariabk@sagarialaw.com

- 3 -                              Bankruptcy No. 11-54952 ASW 11

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN
OF REORGANIZATION**
*In re Aida Alban Miranda*

SCOTT J. SAGARIA (BAR # 217981)
PATRICK CALHOUN (BAR #56671)
SAGARIA LAW, P.C.
333 WEST SAN CARLOS STREET
SUITE 1750
SAN JOSE, CALIFORNIA 95110
(408) 279-2288
(408) 279-2299 FAX

Attorneys for Debtor in Possession
Aida Alban Miranda dba Sunrise Manor Residential Care Homes

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>AIDA ALBAN MIRANDA dba<br>SUNRISE MANOR RESIDENTIAL CARE<br>HOMES,<br><br>          Debtor-in-possession, | Bankruptcy No.: 11-54952 ASW 11<br><br>**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**<br><br>**Tentative Confirmation Hearing Date:**<br><br>Date:    January 11, 2013<br>Time:    2:15PM<br>Crtrm:  3020<br>Location: United States Bankruptcy Court<br>          280 South First Street<br>          San Jose, California<br><br>HON. ARTHUR S. WEISSBRODT |

Aida Alban Miranda dba Sunrise Manor Residential Care Homes filed a Revised Amended Chapter 11 Plan of Reorganization (the "Plan") and a Revised Amended Disclosure Statement (the "Disclosure Statement") on **November 26, 2012**. The disclosures contained in Plan and Disclosure Statement provides information to assist you in deciding how to cast your ballot. A copy of the Plan along with the Order Conditionally Approving the Disclosure Statement is enclosed with this ballot.

Case: 11-54952   Doc# 135-3   Filed: 03/05/13   Entered: 03/05/13 18:05:34   Page 8 of 11

You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the proposed classification and treatment thereto.

Your claim/interest has been placed in Class ___5___ under the Plan. If you hold claims or interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Patrick Calhoun, Esq., 333 West San Carlos Street, Suite 620, San Jose, CA 95110, Fax No. (408) 279-2299; email sagariabk@sagarialaw.com, on or before **January 4, 2013,** and the deadline to vote has <u>not</u> been extended, your vote will not count as either an acceptance or rejection under the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you regardless of your election to, or not to vote.

## <u>ACCEPTANCE OR REJECTION OF PLAN</u>

The Undersigned, the holder of a Class ___5___ claim/interest against the Debtors in the amount of $ _1,361.35_____.

___X___ Accepts the Plan _____ Rejects the Plan

*DATE:* December 27, 2012    *CREDITOR*:   American Express Centurion Bank
Account No. xxxx-xxxxxx-x3006

*SIGNATURE:*
*TITLE:*   Kenneth W. Kleppinger, Esquire/ Attorneys/Agent for Creditor
*ADDRESS:*   c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355

- 2 -    Bankruptcy No. 11-54952 ASW 11
**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
*In re Aida Alban Miranda*

<u>**RETURN THIS BALLOT ON OR BEFORE 5:00PM JANUARY 4, 2013 VIA:**</u>

*United States Mail*
PATRICK CALHOUN, ESQ.
333 West San Carlos Street, Suite 1750
San Jose, CA 95110

-or-

*Facsimile*
Fax No. (408) 279-2299

-or-

*E-Mail*
sagariabk@sagarialaw.com

- 3 -                    Bankruptcy No. 11-54952 ASW 11

**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN**
**OF REORGANIZATION**
*In re Aida Alban Miranda*

Feb 01 13 03:40p          Sunrise Manor / Aida M          1-408-241-1417          p.1

You should carefully review the Plan before you vote. You may wish to seek legal advice concerning the Plan and the proposed classification and treatment thereto.

Your claim/interest has been placed in Class ___5___ under the Plan. If you hold claims or interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

If your ballot is not received by Patrick Calhoun, Esq., 333 West San Carlos Street, Suite 620, San Jose, CA 95110, Fax No. (408) 279-2299; email sagariabk@sagarialaw.com, on or before **January 4, 2013,** and the deadline to vote has not been extended, your vote will not count as either an acceptance or rejection under the Plan.

If the Plan is confirmed by the Bankruptcy Court it will be binding on you regardless of your election to, or not to vote.

## ACCEPTANCE OR REJECTION OF PLAN

The Undersigned, the holder of a Class ___5___ claim/interest against the Debtors in the amount of $ ___30,000.00___ .

___✓___ Accepts the Plan                    _____ Rejects the Plan

DATE: 1/30/13          CREDITOR: ___Thelma Waterkamp___

SIGNATURE: ___Thelma L. Waterkamp___
TITLE: _____
ADDRESS: ___383 Alvarado Street___
___Brisbane, Ca. 94005___

- 2 -                                        Bankruptcy No. 11-54952 ASW 11
**BALLOT FOR ACCEPTING OR REJECTING DEBTORS' FOURTH AMENDED CHAPTER 11 PLAN**
**OF REORGANIZATION**
*In re Aida Alban Miranda*